IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
Jack Gardner, Jr.              )
12142 Old Colony Drive         )
Upper Marlboro, MD 20772       )
                               )
       Plaintiff,              )    Civil Action No. _____
                               )
          v.                   )
                               )
Robert Gates,                  )
in his official capacity as    )    (Jury Demanded)
SECRETARY, U.S. DEPARTMENT     )
OF DEFENSE (DIA)               )
1600 Defense Pentagon          )
Washington, DC 20301-1600      )
                               )
       Defendants              )
_____)
```

**COMPLAINT FOR RELIEF FROM DISCRIMINATION IN VIOLATION OF TITLE VII**

**Nature of Claim**

1. Plaintiff, Jack Gardner, by and through undersigned counsel, brings this civil action against Robert Gates as Secretary, U.S. Department of Defense, under Title VII of the Civil rights Act of 1964, as amended, 42 U.S. C. § 2000(e)-16(c), et seq. Plaintiff seeks relief for damages suffered when he was not promoted because of his race.

**Jurisdiction and Venue**

2. This Court has jurisdiction over these claims pursuant to 42 U.S.C. § 2000e-16(c) (Title VII).

3. Venue lies in this Court for the Title VII claims because plaintiff is employed by defendant in the District of Columbia.

## Description of the Parties

4. Plaintiff Jack Gardner (hereafter "Plaintiff") is a male citizen of the United States and a resident of the State of Maryland. Plaintiff is an African-American. At all times relevant to this complaint, Plaintiff was employed by defendant as a GG-0132-13 Intelligence Officer in the Joint Warfare Support Directorate of the Defense Intelligence Agency (DIA), a component of the U.S. Department of Defense.

5. Defendant Robert Gates is the Secretary of the U.S. Department of Defense, an agency of the Executive Branch of the U.S. Government. Defendant Gates is the named defendant under Title VII and he is sued in his official capacity only. 42 U.S.C. § 2000e-16(c).

## Statement of the Facts

6. Plaintiff became an employee of the DoD in 2001 as a Intelligence Officer in the Defense Intelligence Agency. He has been continuously employed by the defendant since that time.

7. Prior to the selection decisions at issue, Plaintiff was the liaison officer to J2T and had been asked to help J2T several times because of his extensive background in Targeting. Plaintiff was previously the Air Force Chief of Targeting.

8. As of April 10, 2003, Plaintiff was a GS-0312-13 Intelligence Officer in the Joint Warfare Support Directorate of DIA.

9. On April 10, 2003, Plaintiff timely applied for DIA Vacancy Announcement P03-005475-SBG, Senior Intelligence Officer, (Targeting) in the J2 Targets Division. This was a GS-14 position.

10. On May 16, 2003, Plaintiff was informed that he was referred as one of the best qualified candidates for Vacancy Announcement P03-005475-SBG, and that he was scheduled to be interviewed on May 20, 2003.

11. On May 19, 2003, Plaintiff was informed, without explanation, that his interview was cancelled. Plaintiff subsequently learned that Vacancy Announcement P03-005475-SBG had been cancelled.

12. On May 12, 2003, Complainant had been referred with two other candidates for Vacancy Announcement P03-005475-SBG. When one of the other applicants, Mr. Michael Maggiano, Caucasian, learned that he was not one of the referred candidates, he complained to his supervisor. Upon information and belief, Vacancy Announcement P03-005475-SBG was cancelled in response to Mr. Maggiano and his supervisor Col Jones' complaints that Mr. Maggiano was not on the best qualified list.

13. Subsequently, on September 9, 2003, Vacancy Announcement P03-007124-SBG Senior Intelligence Officer (Targeting) in the J2 Targets Division was issued as a GS-14 position. The position description and required knowledge, skills and abilities (KSAs) of 007124 were identical to those of the prior 005475 vacancy which had been cancelled.

14. On September 17, 2003, Plaintiff timely applied for Vacancy Announcement P03-007124-SBG and was again referred to the selection panel as one of the five best qualified candidates. The other 4 candidates were all Caucasian and included Mr. Maggiano. Prior to issuance of Vacancy Announcement P03-007124-SBG Ms. Mary Jensen, Caucasian, SES, Special Assistant J2 had Mr. Maggiano work with a senior GS-15 to improve his application.

15. Vacancy Announcement P03-007124-SBG listed five different Position-Related Assessment Factors which the applicants were to address in a brief supplementary narrative statement.

16. Ms. Mary Jensen, Caucasian, SES, Special Assistant J2 was the selecting official for Vacancy Announcement P03-007124-SBG. Ms. Jensen delegated the selection process to Col Dave Minster, Caucasian, Deputy Director of Targets.

17. Col Minster used an interview panel comprised of himself; Commander James Steadman, Caucasian, Acting Head, Deputy

   Directorate for Targets, Plans and Policy Division; and LtCol Michael Bryant, Caucasian, Chief, Target Operations Division.

18. On September 5, 2003, Vacancy Announcement P03-006659-SBG, Supervisory Intelligence Officer (Targeting) in the J2 Targets Division was announced and Plaintiff timely applied. This was a GS-15 position.

19. Vacancy Announcement P03-0076659-SBG listed five Position-Related Assessment Factors which the applicants were to address in a brief supplementary narrative statement.

20. On October 10, 2003, Plaintiff was informed that his application for Vacancy Announcement P03-006659-SBG was not referred to the selection panel as one of the best qualified because he was not considered "highly qualified". Upon information and belief, Plaintiff was the only African-American candidate not referred to the selection panel.

21. On or about October 15, 2003, Plaintiff complained to Col Minster about his non-referral for Vacancy Announcement P03-006659-SBG as he believed the depth and breadth of his experience made him highly qualified for the position. Col Minster then wrote an email to Mr. Harold Morris, the Chair of the Agency Evaluation Board (AEB) which had reviewed the candidates applications and determined which candidates were referred as highly qualified, questioning why Plaintiff was

not referred. Upon information and belief, the agency did not cancel the announcement or take any steps to address Plaintiff's concerns.

22. Four applicants were referred to the selection panel for Vacancy Announcement P03-006659-SBG - 2 Caucasian, 1 Asian/Pacific Islander and 1 race unknown. Col Minster was the selecting official for Vacancy Announcement P03-006659-SBG.

23. Effective November 2, 2003, Mr. Mark Lee, Asian/Pacific Islander, was selected for Vacancy Announcement P03-006659-SBG.

24. Plaintiff was interviewed for Vacancy Announcement No. P03-007124-SBG on November 14, 2003, by the 3 person panel.

25. On November 18, 2003, Mr. Carlton Smith, Caucasian, was selected for the position under Vacancy Announcement P03-007124-SBG, effective December 14, 2003.

26. On November 23, 2003, Plaintiff was notified that he was not selected for Vacancy Announcement No. P03-007124-SBG.

27. On November 24, 2003, Plaintiff contacted COL Minster, the selection panel chair for Vacancy Announcement No. P03-007124-SBG to inquire about why he was not selected. Col Minster informed Plaintiff that he was "overqualified" for the GS-14 position; that he (Col Minster) was looking for a "good fit" for the organization; and that Plaintiff's

extensive knowledge and experience "intimidated" one of the deputies.

28. Defendant subsequently issued a selection certificate which alleged Plaintiff was not selected for Vacancy Announcement No. P03-007124-SBG because he lacked "experience" as compared to the selectee in factors three and four of the KSAs.

29. Mr. Smith, the selectee for Vacancy Announcement P03—7124-SBG, later confided to Plaintiff that he was shocked he was selected instead of Plaintiff for Vacancy Announcement P03-007124-SBG and acknowledged that Plaintiff had more experience than him.

## Exhaustion of Remedies

30. Plaintiff initiated an EEO complaint by contacting an EEO counselor on November 2, 2003. Plaintiff subsequently contacted an EEO counselor within 45 days of each of the complained of events as required by EEOC regulations. 20 C.F.R. § 1614.105(a)(1).

31. Plaintiff filed a formal EEO complaint, as required by EEOC regulations, with the defendant on March 5, 2004. 29 C.F.R. § 1614.106.

32. Defendant issued a Final Agency Decision that was received on February 12, 2007. Plaintiff has exhausted his administrative remedies under Title VII. This complaint is

timely filed within 90 days of receipt of the Final Agency Decision.  42 U.S.C. § 2000e-16(c).

## Statement of Claims

**Count I: Discrimination in violation of Title VII for the non-selection of Plaintiff to Vacancy Announcement P03-007124, GG-0132-14, Senior Intelligence Officer (Targeting), J2T2 Target Plans Division, Deputy Directorate for Targets, Directorate for Intelligence.**

33. Plaintiff repeats and realleges the statements contained in paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff applied and was referred to the selection panel for Vacancy Announcement P03-007214.

35. Plaintiff possessed superior qualifications and would have been selected for the position were it not for his race. Plaintiff was more qualified for the position than the selectee, Mr. Carlton Smith, who lacked the depth and breadth of experience for the position that Plaintiff possessed.

**Count II: Discrimination in violation of Title VII for the non-selection of Plaintiff to Vacancy Announcement P03-006659-SBG, GG-0132-15, Supervisory Intelligence Officer (Targeting), Deputy Directorate for Targets, Joint Staff, Directorate for Intelligence.**

36. Plaintiff repeats and realleges the statements contained in paragraphs 1 through 32 as though fully set forth herein.

37. Plaintiff applied but was not referred to the selection panel for Vacancy Announcement P03-006659 as one of the best qualified applicants.

38. Plaintiff possessed superior qualifications and, if not discriminated against, would have been selected as the best qualified applicant. Plaintiff was more qualified for the position than the selectee, Mr. Mark Lee. The selectee lacked the depth and breadth of experience for the position that Plaintiff possessed.

### **Jury Demand**

Plaintiff demands a jury trial of all claims.

### **Prayer For Relief**

Wherefore, Plaintiff prays that this honorable Court enter a judgment which:

    a. Declares that defendant unlawfully discriminated against Plaintiff in violation of Title VII;

    b. Enjoins the defendant from future acts of discrimination, harassment or retaliation in violation of Title VII;

    c. Awards Plaintiff a GS-15 position in DIA retroactive to the date he would have been promoted absent discrimination;

    d. Awards Plaintiff any pay and benefits he lost as the result of defendant's conduct;

    e. Awards Plaintiff compensatory damages for the injuries he has suffered, in an amount appropriate to the proof at trial;

f.    Awards Plaintiff reasonable attorneys' fees and costs as provided by Title VII, including attorneys' fees and costs incurred during the administrative process; and

g.    Awards Plaintiff all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

_____
George M. Chuzi, Esq.
D.C. Bar No. 336503

Michelle L. Perry, Esq.
D.C. Bar No. 468187

Kalijarvi, Chuzi, & Newman, P.C.
1901 L Street, N.W.
Suite 610
Washington, D.C. 20036
TEL: (202)331-9260
FAX: (202)331-9261

Attorneys for Plaintiff

07-802

RWR

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Jack Gardner, Jr.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** P.G. County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
George M. Chuzi, Esq.
Michelle L. Perry, Esq.
Kalijarvi, Chizi & Newman, P.C.
1901 L Street, NW, Suite 610
Washington, DC 20036
202/331-9260

## DEFENDANTS
Robert Gates,
in his official capacity as
Secretary, US Department of Defense

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**ATTORNEYS (IF KNOWN)**

Case: 1:07-cv-00802
Assigned To : Roberts, Richard W.
Assign. Date : 5/2/2007
Description: EMPLOYMENT DISCRIMINATION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ⦿ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000(e) - 16(c), et seq.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000.00   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 5/2/2007   SIGNATURE OF ATTORNEY OF RECORD [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.