UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK GARDNER, JR., Plaintiff, v. ROBERT GATES, SECRETARY, U.S. DEPARTMENT OF DEFENSE, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 07-0802 (RWR) |

## DEFENDANT'S ANSWER

Defendant, Robert Gates, Secretary, U.S. Department of Defense, by and through undersigned counsel, hereby responds to Plaintiff's complaint as follows:

### First Defense

To the extent that the Complaint alleges actions and issues not timely brought to an EEO Counselor, Plaintiff has failed to exhaust administrative remedies.

### Second Defense

The Complaint fails to state a claim upon which relief may be granted.

### Third Defense

Defendant is entitled to offsets for any back pay or front pay awarded to Plaintiff.

### The Complaint

Defendant further answers the numbered paragraphs of Plaintiff's complaint by denying the allegations contained therein, except as expressly admitted as follows:

## Nature of Claim

1.  This paragraph contains Plaintiff's characterization of his action to which no answer is required. Insofar as an answer may be required, paragraph 1 is denied.

2.  This paragraph contains averments of jurisdiction to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 2 is denied.

3.  This paragraph contains averments of venue to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 3 is denied.

4.  Defendant admits that Plaintiff is a male and that Plaintiff was employed as a GG-0132-13 Intelligence Officer by the Defense Intelligence Agency ("DIA"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

5.  Admit.

6.  Defendant admits that Plaintiff has been employed with DIA since in or about June 2001, and that for the time period relevant to this action, Plaintiff's job series was GG-0132 Intelligence Officer (General Analysis).

7.  Admit that Plaintiff served in the U.S. Air Force prior to his employment with DIA. Admit that, on occasion, Plaintiff augmented the J2T staff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

8.  Admit.

9.  Admit.

10. Deny, except to admit that Plaintiff was rated qualified and referred for further

consideration for Vacancy Announcement P03-005475-SBG, and Plaintiff was scheduled to be interviewed on or about May 20, 2003.

11.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments, except Defendant admits that Plaintiff's interview was cancelled and Vacancy announcement PO3-005475-SBG was cancelled.

12.  Deny, except to admit that on May 12, 2003, Plaintiff was referred with two other candidates for Vacancy Announcement PO3-005475-SBG.

13.  Deny, except to admit to the extent Plaintiff's averments are supported by the Vacancy Announcements.

14.  Deny, except to admit that Plaintiff timely applied for Vacancy Announcement P03-007124-SBG, was rated qualified and was one of six candidates referred to the selection panel. Admit that the other five candidates were Caucasian. Admit that Ms. Jensen had Mr. Maggiano work with a senior GS-15 to improve his application.

15.  Admit.

16.  Admit the first sentence. Deny the second sentence, except to admit that Col David Minster is Caucasian and is Deputy Director of Targets.

17.  Deny. Defendant avers that Col Minster used two different interview panels to assist him in making recommendations to the selecting official, Ms. Jensen, for two of the positions for which Plaintiff had submitted applications. Admit that Lt Col Bryant, Caucasian, Chief, Targeting Operations Division was one of the panel members.

18.  Admit.

19.  Admit.

20.     Deny, except to admit that on or about October 10, 2003, Plaintiff was informed that he was one of the candidates forwarded to the Agency Evaluation Board ("AEB"); however, Plaintiff was not referred to the selecting official as one of the most highly qualified applicants. Admit the second sentence.

21.     Deny, except to admit that on or about October 15, 2003, Plaintiff complained to Col Minster, who had been Plaintiff's friend for approximately 14 years, about Plaintiff's application not being referred from the AEB to the selecting official for Vacancy Announcement P03-006659-SBG. Admit that Col Minster, contrary to policy, sent an e-mail to Mr. Harold Morris, on behalf of Plaintiff, to find out why Plaintiff was not selected for the position.

22.     Deny. Defendant avers that four candidates were referred to the interview panel for interviews for Vacancy Announcement P03-006659-SBG, and that three of the candidates were Caucasian and one was Asian/Pacific Islander. Defendant avers that Col Minster was one of three members of the interview panel and was the recommending official for this vacancy.

23.     Admit that on or about November 2, 2003, Mr. Mark Lee, Asian/Pacific Islander, was selected for Vacancy Announcement P03-006659-SBG.

24.     Admit that on November 14, 2003, Plaintiff was interviewed for Vacancy Announcement P03-007124-SBG and there were three persons on the interview panel.

25.     Admit.

26.     Admit that on or about November 23, 2003, Plaintiff was notified that he was not selected for Vacancy Announcement P03-007124-SBG.

27.     Admit that on or about November 24, 2003, Plaintiff contacted his friend, Col Minster, and inquired about why he had not been selected for the position in Vacancy

Announcement P03-007124-SBG. Deny Plaintiff's characterization of the discussion between Plaintiff and Col Minster.

28. Deny. Defendant avers that the selection certificate states that Plaintiff's experience was noteworthy, but not as extensive as some of the other candidates in Factors 3 and 4.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments.

30. Deny, except to admit that Plaintiff contacted an EEO counselor on November 2, 2003.

31. Admit that Plaintiff filed a formal EEO complaint on March 5, 2004.

32. Deny, except to admit that a Final Agency Decision regarding Plaintiff was issued in February 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining averments.

33. This paragraph repeats and realleges the statements contained in paragraphs 1 through 32. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 32, Defendant denies same. Defendant also denies that he or the U.S. Department of Defense took any actions in violation of the statutes cited herein and denies that Plaintiff is entitled to any relief.

34. Admit.

35. Deny.

36. This paragraph repeats and realleges the statements contained in paragraphs 1 through 32. To the extent that a response is required, and except to the extent admitted in

paragraphs 1 through 32, Defendant denies same and denies that Secretary gates or the U.S. Department of Defense took any actions in violation of the statutes cited herein or that Plaintiff is entitled to any relief.

37. Admit.

38. Deny.

## Jury Demand

This paragraph contains Plaintiff' demand for a trial by jury to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Prayer for Relief

The remainder of Plaintiff's Complaint contains his prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

Defendant hereby specifically denies each and every allegation contained in Plaintiff's Complaint not hereinbefore answered.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250