UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK GARDNER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-802 (RWR) |
| ) | |
| ROBERT M. GATES, ) | NEXT SCHEDULED EVENT: |
| Secretary of Defense, ) | Initial Scheduling Conference |
| ) | October 16, 2007 at 9:15 a.m. |
| Defendant. ) | |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the Court's August 27, 2007 Order for Initial Scheduling Conference, counsel for the parties have conferred in accordance with LCvR 16.3. Pursuant to the rules of this Court, the parties submit this report regarding the issues set forth at LCvR 16.3.

Brief Statement of the Case

Plaintiff Jack Gardner, Jr. is African American man who is currently employed as a GS-14 Intelligence Officer by the Joint Warfare Support Directorate of the Defense Intelligence Agency ("DIA"). In 2003, plaintiff was working at the GS-13 level and applied for three higher-graded Intelligence Officer positions. Plaintiff was not selected for any of them. Mr. Gardner challenges two of those non-selections as intentional acts of race discrimination made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. He seeks declaratory, injunctive, and other equitable relief; retroactive promotion into a GS-15 position; compensatory damages; and award of attorneys' fees and costs.

Defendant denies that plaintiff's race played any role in either of the selections at issue. For the first challenged selection, a GS-14 position, plaintiff was among six applicants who were deemed qualified, and one of them was selected after all six were interviewed by a panel consisting of three people. The selecting official, Ms. Jensen, did not participate in the interviews and did not know the race of any of the candidates at the time she made her choice, but she did follow the recommendation of the panel. For the second vacancy announcement at issue, which involved a GS-15 position, plaintiff's applications was rated below a number of others who were subsequently interviewed, one of whom was selected. Defendant has also raised the timeliness of plaintiff's EEO contact as a defense to some of his claims.

The remainder of the topics identified in Local Rule 16.3 are addressed below.

1. Resolution by Dispositive motion: Plaintiff takes the position that this case is unlikely to be resolved on summary judgment or other dispositive motion. Defendant believes that a dispositive motion may be appropriate after discovery, and will evaluate the evidence at that point.

2. Joinder/Amendment/Narrowing: Neither party anticipates the necessity to join third parties or to amend the pleadings.

3. Assignment To Magistrate Judge: The parties do not consent to assignment of this case to a magistrate judge for all purposes, including trial, but recognize that the Court may wish to assign this matter for purposes resolving any discovery disputes which may arise but are not expected.

4. Settlement Possibility: Counsel for the parties are not currently optimistic that a settlement may be possible in this case but will continue to evaluate the case and discuss the possibility with their clients as this litigation progresses.

5. Alternative Dispute Procedures: Counsel for the parties have discussed the possibility of early settlement options with clients with mixed results. If circumstances evolve where counsel believe that settlement is possible, they will request a referral to a Magistrate Judge for purposes of conducting settlement discussions.

6. Resolution on Summary Judgment: Defendant anticipates the possibility of filing a dispositive motion after the close of discovery in this case. The parties propose that a dispositive motion schedule should be set at a post-discovery status conference.

7. Initial Disclosures: Because there was some written discovery undertaken at the administrative phase of plaintiff's case, the parties have agreed to waive the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8. Discovery: Counsel for the parties anticipate needing six months for discovery to start October 16, 2007 and conclude by June 16, 2008. The parties do not seek any modifications to the limits on discovery contained in the Federal Rules of Civil Procedure. Defendant notes that the nature of plaintiff's position and those he sought may implicate classified information which will necessarily have to handled appropriately. Counsel will consult concerning any issues prior to alerting the Court.

The parties agree that a protective order will be necessary in order to protect documents covered by the Privacy Act, 5 U.S.C. § 552a; confidential medical records; and any other

confidential documents and information. The parties further agree to work cooperatively to prepare a protective order for joint presentation to the Court.

9. Experts: Plaintiff anticipates having one expert in the field of targeting. The parties agree that expert disclosures, if any, will be made during discovery. The parties respectfully suggest that Plaintiff make his designation by February 1, 2008, and defendant make his by April 1, 2008, and that depositions of the experts be completed prior to the conclusion of all discovery.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: The parties do not see any need for bifurcation.

12. Proposed Date For The Pretrial Conference: The parties agree that a status conference should be scheduled after the close of discovery, and that the Court should defer setting a briefing schedule for any dispositive motion until that conference. In addition, the parties agree that the Court should also defer setting a pre-trial conference until the post-discovery status conference.

13. Trial Date: The parties agree that a trial date should be set at the pre-trial conference.

14. Other Matters: Counsel for both parties are committed to working cooperatively and civilly with one another on all matters, including to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of

scheduling conflicts and other issues that may arise during the course of this litigation that are not presently foreseen.

    Dated: October 3, 2007.

                              Respectfully submitted,

| | |
|---|---|
| /s/_____ | _____ |
| GEORGE M. CHUZI, DC BAR 336503 | JEFFREY A. TAYLOR, DC BAR # 498610 |
| MICHELLE L. PERRY DC BAR 468187 | United States Attorney |
| Kalijarvi, Chuzi, & Newman, P.C. | |
| 1901 L Street, N.W. | |
| Suite 610 | /s/_____ |
| Washington, D.C. 20036 | RUDOLPH CONTRERAS, DC BAR # 434122 |
| (202) 331-9260 | Assistant United States Attorney |
| (202) 331-9261 (fax) | |
| | /s/_____ |
| Counsel for Plaintiff | JANE M. LYONS, D.C. BAR # 451737 |
| | Assistant United States Attorney |
| | United States Attorney's Office, Civil Division |
| | 555 4th Street, N.W. – Room E4822 |
| | Washington, D.C. 20530 |
| | (202) 514-7161 |
| | (202) 514-8780 (fax) |
| | |
| | Counsel for Defendant |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK GARDNER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-802 (RWR) |
| ) | |
| ROBERT M. GATES, ) | |
|   Secretary of Defense, ) | |
| ) | |
| Defendant. ) | |

## SCHEDULING ORDER

This matter is before the Court for an initial scheduling conference. Based on the Joint Report filed by the parties, and the discussion in Court on October 16, 2007, the Court enters the following deadlines:

1. The parties shall not be required to make the initial disclosures in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2. Discovery shall commence on October 16, 2007 and end on June 16, 2008.

3. Plaintiff shall make any disclosure of expert testimony as provided by Rule 26(a)(2) no later than January 15, 2008. Defendant shall make any expert disclosure of expert testimony as provided by Rule 26(a)(2) no later than March 31, 2008. Expert depositions, if any, shall be completed prior to the close of all discovery unless otherwise ordered by the Court.

   4.  The Court shall hold a post-discovery status conference for the purpose of establishing a dispositive motion schedule and any other proceedings on _____, 200_ at ___ : ____ __.m.

**SO ORDERED.**

_____       _____
Date                    RICHARD W. ROBERTS
                        United States District Judge


Copies to Counsel Through ECF