Received
AUG 1 1 2008
By The Office Of
Kalijarvi, Chuzi, & Newman, PC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JACK GARDNER, JR., Plaintiff,

v.

ROBERT M. GATES, Secretary of Defense, Defendant.

Civil Action No. 07-802 (RWR)

**JOINT AND VOLUNTARY STIPULATION OF SETTLEMENT AND DISMISSAL**

The parties to this action, Jack Gardner, Jr. ("Plaintiff"), and Robert M. Gates, Secretary of Defense ("Defendant"), hereby enter into the following Joint and Voluntary Stipulation of Settlement and Dismissal ("Stipulation") in order to resolve the matters in dispute in the above-styled action without further expense or delay, and accordingly do unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action. Plaintiff agrees to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of any nature based upon and related to this cause of action and his employment with the Defense Intelligence Agency ("DIA" or "Agency") through the date of this Stipulation, including but not limited to all claims asserted or that could have been asserted in the above-styled action.

2. Defendant shall, subject to the conditions and limitations set forth herein, promptly pay the amount of Forty-Three Thousand Dollars ($43,000.00) to Plaintiff for the attorney's fees incurred by him. This payment may be made either by a check drawn on the

Treasury of the United States and made payable to Kalijarvi, Chuzi & Newman, P.C., or by an electronic transfer of funds to a bank account specified by Plaintiff's counsel. Plaintiff and Plaintiff's counsel agree to cooperate with Defendant's counsel in providing reasonable information needed for requesting payment and transmission of funds.

3. Plaintiff's existing official personnel records reflect that he was promoted to the GS-14 level effective June 26, 2005, and to the GS-15 level effective March 3, 2008. Defendant agrees to amend Plaintiff's employment records within sixty (60) days of the effective date of the agreement to reflect: (a) his promotion to the GS-14 level effective November 2, 2003; and (b) his promotion to the GS-15 level effective November 2, 2006. Defendant further agrees to pay Plaintiff the back-pay, pursuant to the Backpay Act, and any step increases or cost of living increases triggered by these personnel actions and to make the Agency's contributions under Plaintiff's existing elections of benefits for the corresponding periods, if any, and under all applicable laws and regulations within a reasonable amount of time after amending Plaintiff's employment records. Plaintiff agrees that all ordinary amounts for taxes and other amounts, including his portion of contributions to retirement and the thrift savings plan, may be withheld and distributed under the terms of his existing elections for the corresponding periods and all applicable laws and regulations.

4. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in this action, including (but not limited to) all claims of discrimination and retaliation, and all claims for damages or equitable relief. This Stipulation also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay that have been, or could be, made in this case. By

this Stipulation, Plaintiff also waives, releases and abandons any and all claims, whether asserted or unasserted, against the Defendant, the DIA, or its agents or employees, that arose at any time during his employment by the Agency through and including the date of this Stipulation. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaint or grievance filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events and/or subject matter involved in said litigation or claims. This Stipulation shall include all Plaintiff's claims for attorney's fees and costs incurred in connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised in this action.

5. With respect to Plaintiff's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 *et seq.*, Plaintiff acknowledges that he is aware of and understands the following rights under the Older Workers Benefit Protection Act:

a. Mr. Gardner is advised to consult with an attorney before executing the waiver herein of his rights under the Age Discrimination in Employment Act;

b. Mr. Gardner has been given at least twenty-one (21) days within which to consider the waiver of his rights herein under the Age Discrimination in Employment Act;

For a period of seven (7) days following the execution of this waiver of rights under the Age Discrimination in Employment Act, Mr. Gardner may revoke the Agreement by providing written notice of such revocation to Jane M. Lyons, Assistant United States Attorney, or her successor, and the Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired.

6. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter encompassed by the waiver and release of claims set forth herein.

7. Plaintiff acknowledges that he has read this entire Stipulation and that he understands all of its terms and conditions. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this Stipulation to him, and that Defendant has provided reasonable and sufficient time for this purpose.

8. Execution of this Stipulation shall not constitute a finding by the Court or an admission by the Defendant or any of its employees that it discriminated or retaliated against the Plaintiff as alleged in the complaint, or that there was any wrongful conduct whatsoever.

9. Execution of this Stipulation by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall retain jurisdiction to resolve any claims of noncompliance with the terms of this Stipulation.

10. Each party agrees to make good faith efforts to resolve any dispute arising from or regarding this settlement agreement prior to bringing it to the Court's attention. Should either party at any time believe that the other party is in breach of this settlement agreement, prior to bringing the matter to the Court's attention, that party shall notify the other party in writing of the particular section of this settlement agreement that has allegedly been breached and the action(s) that constitute the breach. The other party shall then have thirty (30) days to respond to such claims prior to the injured party's bringing the alleged breach to the attention of the Court.

11. This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

12. The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the 11th day of August, 2008.

Respectfully submitted,

GEORGE M. CHUZI, D.C. BAR 336503
MICHELLE L. PERRY DC BAR 468187
Kalijarvi, Chuzi, & Newman, P.C.
1901 L Street, N.W.
Suite 610
Washington, D.C. 20036
(202) 331-9260
(202) 331-9261 (fax)

Counsel for Plaintiff

JACK GARDNER, JR.
Plaintiff

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, DC BAR # 434122
Assistant United States Attorney

JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. – Room E4822
Washington, D.C. 20530
(202) 514-7161
(202) 514-8780 (fax)

Counsel for Defendant

**SO ORDERED this ______ day of ________________, 2008:**

**RICHARD W. ROBERTS**
**UNITED STATES DISTRICT JUDGE**